UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DON FILLEY, LEONARD SCHAFER, JOSEPH
BUCKER, and STANLEY QUIMBY,

    Plaintiffs,

v.

AMERICAN AXLE & MANUFACTURING
HOLDINGS, INC., AMERICAN AXLE &
MANUFACTURING, INC., AND AMERICAN
AXLE & MANUFACTURING OF MICHIGAN, INC.,

    Defendants.

Case No. 14-cv-01194

Hon. Robert J. Jonker

/

| WRUBLE & ASSOCIATES | KIENBAUM OPPERWALL |
|---|---|
| Stanley F. Wruble III (P58151) | HARDY & PELTON, P.L.C. |
| Matthew J. Anderson (IN 27511-71) | By: William B. Forrest III (P60311) |
| 315 North Main Street | Thomas J. Davis (P78626) |
| South Bend, Indiana 46601 | 280 N. Old Woodward Avenue |
| (574) 282-2200 | Suite 400 |
| stan@wrublelaw.com | Birmingham, MI 48009 |
| matt@wrublelaw.com | (248) 645-0000 |
| | wforrest@kohp.com |
| *Counsel for Plaintiffs* | tdavis@kohp.com |
| | *Counsel for Defendants* |

/

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENLARGMENT OF TIME TO COMPLETE DISCOVERY AND MODIFY CASE MANAGEMENT ORDER**

-i-

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii
BACKGROUND ........................................................................................................................... 1
ARGUMENT ................................................................................................................................. 2
CONCLUSION .............................................................................................................................. 5

## TABLE OF AUTHORITIES

**Cases**

*Andretti v. Borla Perf. Indus., Inc.*,
    426 F.3d 824 (6th Cir.2005) .................................................................................... 1

*Brewer v. Capital Mgmt. Servs., L.P.*,
    2013 WL 6073498 (W.D. Mich. Nov. 18, 2013) ...................................................... 4

*Brooks v. Alameida*,
    2008 WL 5000524 (E.D. Cal. Nov. 24, 2008) .......................................................... 4

*Clark v. Luker*,
    No. 106-CV-264, 2007 WL 1295996 (W.D. Mich. Apr. 30, 2007) ..................... 1, 4

*Gonzalez v. Ingersoll Mill. Mach. Co.*,
    33 F.3d 1025 (7th Cir. 1998) .................................................................................... 4

*Gott v. The Raymond Corp.*,
    2008 WL 4911879 (N.D. W.Va. Nov. 14, 2008) ...................................................... 2

*Graham v. Prog. Direct Ins. Co.*,
    271 F.R.D. 112 (W.D. Pa. 2010) .............................................................................. 3

*Hartis v. Chicago Title Ins. Co.*,
    694 F.3d 935 (8th Cir. 2012) .................................................................................... 3

*Leary v. Daeschner*,
    349 F.3d 888 (6th Cir. 2003) .................................................................................... 2

*Manpower Inc. v. Ins. Co. of Pa.*,
    2010 WL 1608674 (E.D. Wis. Apr. 19, 2010) .......................................................... 3

*Nesselrotte v. Allegheny Energy, Inc.*,
    2008 WL 1925107 (W.D. Pa. Apr. 30, 2008) ........................................................... 2

*Salyers v. City of Portsmouth*,
    534 F. App'x 454 (6th Cir. Aug.21, 2013) ............................................................... 4

*Turner v. Schering-Plough Corp.*,
    901 F.2d 335 (3d Cir. 1990) ..................................................................................... 3

## INTRODUCTION

A case management order is not "a meaningless piece of paper that the litigants can ignore at their whim." *Clark v. Luker*, No. 106-CV-264, 2007 WL 1295996, at *1 (W.D. Mich. Apr. 30, 2007). Rather, a party seeking to modify a case-management order must make a showing of good cause — the "primary measure" of which "is the moving party's diligence in attempting to meet the case management order's requirements." *Andretti v. Borla Perf. Indus., Inc.*, 426 F.3d 824, 830 (6th Cir.2005). Plaintiffs here seek to extend the discovery deadline because they did not timely serve written discovery, yet they offer no credible reason why they could not have diligently served discovery within the ample timeframe that the Court provided. If anything, their motion concedes that the late service of discovery was the result of counsels' tactical decision that written discovery was not needed, until an eleventh-hour change of heart apparently brought on by Plaintiffs' deposition performances. Even then, Plaintiffs admit that they had nearly two weeks to timely serve discovery requests, yet inexplicably failed to do so. There is no good cause for a discovery extension. The motion should be denied.

## BACKGROUND

On January 30, 2015, the Court entered a case management order. (Dkt. 9, Pg ID 51-58.) Among other things, that order stated that discovery would be completed by July 31, 2015 — and that "written discovery requests must be served no later than thirty days before the close of discovery." (*Id.* at 52.) The order also held, consistent with Rule 16(b)(4), that "[t]here shall be no deviations from this order without prior approval of the court upon good cause shown." (*Id.*)

Pursuant to this order, Defendants were able to serve their discovery requests one week later on February 6, 2015. By contrast, Defendants heard nothing from Plaintiffs about written discovery requests until 5:39 pm on July 1, 2015, when Plaintiffs asked if Defendants would

-1-

accept service of written discovery via email. (Ex. A.) Plaintiffs did not, however, send any discovery requests via email that day, nor did they mail discovery requests that evening.

Defendants responded the next morning, informing Plaintiffs of their position that even had they served discovery by mail on July 1, 2015, they would have been untimely.[1] (*Id.*) Plaintiffs acknowledged the objection, but sent discovery requests via email later that afternoon with a service date of July 2, 2015 — that is, 29 days before the end of discovery. (Exs. B, C, D.)

## ARGUMENT

As discussed above, "good cause" for a modification of a scheduling order requires the Plaintiff to be diligent — that is, "Plaintiffs can demonstrate 'good cause' for their failure to comply with the original schedule by showing that despite their diligence they could not meet the original deadline." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). Plaintiffs offer excuses for their failure to timely serve discovery requests, but they do not demonstrate that they could not have met the original deadline despite their diligent efforts.

Plaintiffs' primary excuse appears to be that they made a tactical decision that blew up in their faces — *i.e.*, that the Plaintiffs made assertions to their lawyers that they thought would satisfy a *prima facie* case, but that Plaintiffs' testimony under oath was inconsistent with those prior representations, "render[ing] it necessary to ascertain additional facts in order to contest a motion for summary judgment." (Br. at 2.) This explanation (unsupported by an affidavit or

---

[1] There is a significant body of case authority that holds a party serving discovery by mail must do so 33 days before a discovery deadline, given that (1) a party must serve discovery early enough that their opponent has the full amount of time allotted under the rules to respond; and (2) service by mail gives a party three extra days to respond, per Rule 6(d). *See, e.g.*, *Nesselrotte v. Allegheny Energy, Inc.*, 2008 WL 1925107, at *2 n.5 (W.D. Pa. Apr. 30, 2008); *Gott v. The Raymond Corp.*, 2008 WL 4911879, at *3 (N.D. W.Va. Nov. 14, 2008). Ultimately, however, this authority is not at issue because, as discussed above, Plaintiffs served their requests 29 days before the close of discovery — which is untimely regardless of the method of service.

specific facts) is inherently non-credible given the nature of Plaintiffs' belated discovery requests, which seek more than evidence of a *prima facie* case. (*See* Exs. C, D.)

In any event, the excuse does not show "good cause." *First*, an ill-advised tactical decision "hardly constitutes good cause" to modify a scheduling order. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948-49 (8th Cir. 2012); *see also Turner v. Schering-Plough Corp.*, 901 F.2d 335, 341 n.4 (3d Cir. 1990) ("Rule 16 scheduling orders are at the heart of case management, and if they can be flouted every time counsel determines she made a tactical error in limiting discovery their utility will be severely impaired.") (internal quotation marks omitted); *Graham v. Prog. Direct Ins. Co.*, 271 F.R.D. 112, 121 (W.D. Pa. 2010) ("tactical errors . . . do not demonstrate that Plaintiffs acted with diligence to this Court."); *Manpower Inc. v. Ins. Co. of Pa.*, 2010 WL 1608674, at *1 (E.D. Wis. Apr. 19, 2010) ("For whatever reason, [the party] now regrets its [tactical] decision, but that does not constitute good cause.") To the extent Plaintiffs' failure to timely serve discovery flowed from their tactical decision that written discovery was unnecessary, that tactical error does not justify modifying the case management order.

*Second*, Plaintiffs admittedly acted without diligence even *after* learning of their tactical mistake. By Plaintiffs' admission, they realized by June 17 that their testimony alone would be insufficient to avoid summary judgment. (Br. 2.) Yet Plaintiffs did not serve discovery until July 2, 2015. Plaintiffs thus had at least *eleven days* to place discovery requests in the mail, or fourteen days with in-person service.[2] Plaintiffs cannot credibly claim that they could not diligently serve discovery requests in eleven days; indeed, they "acknowledge that written discovery could have been issued sooner." (Br. 3.) And while they claim that their primary

---

[2] This assumes that the Court would have agreed that written discovery had to be served 33 days before the deadline; however, Rule 6(d) does not give the responding party an additional three days when personally served. *See supra* at note 1.

-3-

attorney had a "heavy work load," without elaboration (*id.*), the "stock excuse" of a busy schedule does not establish good cause. *Gonzalez v. Ingersoll Mill. Mach. Co.*, 133 F.3d 1025, 1030-31 (7th Cir. 1998); *Clark*, 2007 WL 1295996, at *2 (W.D. Mich. 2007) ("a request for amendment of a case management order made after the expiration of a deadline and supported only by counsel's preoccupation with other cases hardly shows diligence, good cause, or a respect for the court's efforts to bring each civil action to a just and speedy resolution."); *Brooks v. Alameida*, 2008 WL 5000524, at *1 (E.D. Cal. Nov. 24, 2008) (a party's assertion of a "busy schedule . . . does not address the requirement of 'good cause' under Rule 16(b)" and implies only that "counsel have simply decided that this case is less important than others in their caseload. This is not a basis for modifying the schedule.") This excuse is even less valid given that Plaintiffs' primary counsel is not a sole practitioner; indeed, he has co-counsel, and there is no explanation why co-counsel could not have assisted in preparing timely discovery requests.

*Third*, Plaintiffs' other assertions fall flat. Their complaint that they need written discovery to obtain "potentially essential information" is a problem of their own design — and is hyperbolic at best, given that Plaintiffs have a 30(b)(6) deposition of Defendants scheduled before the deadline. (Br. 2.) And the suggestion that Defendants would not be prejudiced is untrue. *See Brewer v. Capital Mgmt. Servs., L.P.*, 2013 WL 6073498, at *4 (W.D. Mich. Nov. 18, 2013) ("A party 'prejudices his opponent by missing the trial court's scheduled deadlines.'") (quoting *Salyers v. City of Portsmouth*, 534 F. App'x 454, 461 (6th Cir. Aug.21, 2013). As of now, Plaintiffs have served unambiguously untimely discovery requests—and Defendants should be entitled to treat those requests as a nullity. Plaintiffs, notably, are not asking for enough time to serve new timely requests. They want the Court to extend the discovery deadline by seven days and retroactively deem the July 2, 2015 discovery as timely, forcing Defendants to scramble

and answer discovery in far less than the 33 days allotted under the Federal Rules. That would be highly prejudicial. And if the Court were to instead grant a 33-day discovery extension that provided Defendants with a full allotment of time to respond, that would necessarily impact the court-ordered case evaluation which Plaintiffs should have scheduled for late July, and the summary judgment deadline of September 15, 2015. There is no good reason to blow up the schedule to accommodate Plaintiffs' lack of diligence in prosecuting their case.

## CONCLUSION

Plaintiffs have failed to establish "good cause" for an extension of the discovery deadline. Their motion to modify the case management order should be denied.

Respectfully submitted,

KIENBAUM OPPERWALL
 HARDY & PELTON, P.L.C.


s/*Thomas J. Davis*
William B. Forrest III (P60311)
Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-000

Dated:  July 21, 2015.

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2015, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the all counsel of record.

s/*Thomas J. Davis*
Thomas J. Davis
280 North Old Woodward, Ste. 400
Birmingham, Michigan 48009
(248) 645-0000
tdavis@kohp.com
(P78626)
