UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DON FILLEY, et al.,

        Plaintiffs,                        Case No.  1:14cv1194

v.                                                    Hon. Robert J. Jonker

AMERICAN AXLE & MANUFACTURING
HOLDINGS, INC., et al.,

        Defendants.
_____/

## ORDER

Plaintiffs move to extend the July 31, 2015 discovery cut off of the CMO.  Defendants oppose. The Court finds that Plaintiffs have not established good cause for the requested modification and therefore denies the motion.

The CMO entered on January 30, 2015, after the Rule 16 Conference.  The discovery deadline set by the CMO was two days longer than the parties themselves requested in the Joint Status Report.  Moreover, the CMO made clear that the deadline required parties to serve their written discovery sufficiently in advance of the deadline to permit responses within the time limits provided by Rule:  "All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery."  Docket # 9 at para. 4, Page ID 52.  Plaintiff inexplicably waited to file its first written discovery request no earlier than July 2, leaving less than 30 days to go in discovery.  Plaintiff now asks the Court to modify the CMO so there will be time for the defense to respond.

There is simply no good reason for the extension.  Discovery had been open fully five months before Plaintiffs served their first written discovery.  There is no convincing explanation

for the delay.  The suggestion that Plaintiffs' counsel was surprised by some of the answers from their own clients is hardly a good excuse.  Had the written discovery been done earlier, maybe there would have been no surprise.  Moreover, the belated requests seek, for the most part, fairly basic and generic categories of information that would routinely be part of an early discovery request.  Indeed, some of the information requested is so basic that it should already have been disclosed as part of the ordinary Rule 26(a) and (b) disclosure process.  It is hard to see any narrowly targeted written discovery requests that reflect a genuine effort to respond to surprise.  Moreover, if Plaintiffs' belated written discovery was really designed to respond to their own deposition testimony, there is still no explanation for why Plaintiffs waited an additional two weeks following their depositions to serve the written discovery.

Modifying the CMO at this point is also not as simple as just tacking on a few days for the defense to respond.  The defense may object to some of the questions, or may provide substantive responses that themselves prompt interest on one or both sides in further discovery.  At a minimum, even a brief extension includes the seeds of potential disruption to the entire case schedule.  Before taking that risk, the Court requires a showing of good cause, and that showing is lacking here.

Accordingly, the Plaintiffs Motion is **DENIED**.


                                                 /s/Robert J. Jonker
                                                  Robert J. Jonker
                                      Chief United States District Judge

Dated:  July 24, 2015